# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

BRUCE E. COLE                                                          PLAINTIFF

v.                                                       CIVIL ACTION NO. 1:10CV-167-R

WALMART (SUPER CENTER) *et al.*                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Bruce E. Cole filed a *pro se* civil complaint against Walmart (Super Center), one of its salespersons, and a customer service supervisor. He also filed a motion to supplement the complaint (DN5), which is **GRANTED**. Additionally, Plaintiff filed an application to proceed without prepayment of fees (DN 2), which is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court must preliminarily review[1] the complaint and its supplement under 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

## I.

As grounds for filing this action in federal court, Plaintiff alleges a violation of 42 U.S.C. § 1983; Amendment I, Section I; and the Fourth and Fourteenth Amendments to the U.S. Constitution. He claims that on June 3, 2010, he went to the Walmart Super Center in Bowling Green, Kentucky, to cash a U.S. Treasury Check and shop. He purchased an HP copier, took it home, and assembled it. He then decided to return it to the store "to exchange it for a more cheaper printer, like the Cannon, for $29 or $30." Plaintiff maintains that he bought the HP

---

[1]Prior to this Court's screening of the complaint as mandated by federal statute, Defendant Walmart prematurely filed a motion to dismiss (DN 6). Because the Court will dismiss the action on initial review, the motion to dismiss will be denied as moot by separate Order.

copier from a Walmart salesperson and that "upon bringing it back for exchange or trade, experienced some 'lengthy' difficulties with customer service supervisor." As relief, Plaintiff asks the Court to replace the printer with a one-year supply of color copying cartridges; to grant him relief "in terms of cost(s) or expenses that mental & emotional health cost(s) would have incurred, 6-mo's"; and to grant him a "money damages award of 1/25 of a million dollars[2] relief or jury trial."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

---

[2]One twenty-fifth of one million dollars is $40,000.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v*. *Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). "Under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a

3

right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Absent either element, no § 1983 claim exists. *Id.*

Defendants Walmart and its two employees are both private actors and are not parties "acting under color of state law." Consequently, to set forth a cognizable § 1983 claim against these private Defendants, Plaintiff must show that their actions were "fairly attributable" to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The Supreme Court has articulated three tests for determining whether a private Defendant's actions can be fairly attributable to the state. *Lugar*, 457 U.S. at 936-39. The three tests are: (1) the nexus test or symbiotic relationship test, *see Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961); (2) the public function test, *see West v. Atkins*, 487 U.S. 42, 49-50 (1988); *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978); and (3) the state compulsion test, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970); *Wolotsky*, 960 F.2d 1331 (6th Cir. 1992) (discussing the three tests).

"Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the [private party] so that the action of the latter may be fairly treated as that of the state itself." *Wolotsky*, 960 F.2d at 1335. "[I]t must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983." *Id.* The Court finds no such nexus in this case. Plaintiff has failed to allege any intimate association between the actions of Defendants Walmart and its employees and the Commonwealth of Kentucky.

4

The public function test requires that the private actor exercise powers which are traditionally and exclusively reserved to the State, such as holding elections or eminent domain. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995). Plaintiff makes no such showing in this case.

Finally, "[t]he state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky*, 960 F.2d at 1335. More than mere acquiescence or approval by the State in the alleged wrongful actions is necessary. *Id.* Plaintiff merely claims that he bought a copier from a Walmart salesperson and, upon returning the product, "experienced some 'lengthy' difficulties" with a Walmart customer service supervisor. Clearly, in this instance, Plaintiff has alleged no state compulsion.

Failing each test, Defendants are not state actors, and Plaintiff's § 1983 constitutional claims against them must be dismissed for failure to state a claim upon which relief may be granted.

To the extent Plaintiff may desire to bring a state-law claim of some sort, this Court lacks subject-matter jurisdiction. Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." § 1332(a)(1). There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Here, while it is likely that Plaintiff and Walmart are diverse in citizenship, Plaintiff fails to allege that

5

he and the Walmart employees are citizens of a state other than Kentucky.  Moreover, he has not alleged the requisite amount in controversy.  Consequently, Plaintiff fails to demonstrate diversity jurisdiction.

Because Plaintiff has failed to state a claim against Defendants under § 1983 and fails to demonstrate this Court's diversity jurisdiction, the action must be dismissed.

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date:


cc: Plaintiff, *pro se*
 Defendants
 Counsel of record
4413.005