UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

BRUCE E. COLE                                                                   PLAINTIFF

v.                                                   CIVIL ACTION NO. 1:10CV-167-R

WALMART (SUPER CENTER) *et al.*                                DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Bruce E. Cole filed a *pro se* motion for extension of time to file an appeal (DN 11). Within the motion, as relief, he additionally asks this Court for a "reconsideration (of the facts(s)) submitted to this Court" in the "ADDENDUM" he filed on November 1, 2010.

Plaintiff indicates that he is entitled to the relief requested for the following reason:

On Nov. 1, 2010 plaintiff 'submitted' to the court, via U.S. Dist. Ct. Clerks' office an ADDENDUM (Attachment(s)) - A), B), C) & D) "as EVIDENTS" (in support) of the claim/allegation & (reason(s)) '(t)hereto', while "not then" having sumbitted for the court (ALL) of the FACTUAL information associate with/in the intial filing of 1983 civil rights violation complaint.

Due to (the fact) that plaintiff "did not" have (a reciept)/"proof of purchase," caused (irrepairable damages).

Plaintiff goes on to advise 1) that he is a "Native born &/04 'naturalize' of the United States of America" and was born at Homer G. Phillips Hospital in St. Louis, Missouri; 2) that he is a writer and a graphic artist; and 3) that he is "'among a host of several different description' (self-employed) & besides the 'will of GOD,' semi-independent oriented, . . . (as this (is), 'for the MOST part, how my mother raised me (to be) 'as a single parent (among five - (5) other siblings."

**Motion for reconsideration.** Although not entirely clear, it appears that Plaintiff believes that the Court did not consider his November 1, 2010, "ADDENDUM" to the complaint. This is not the case, however. To be sure, in its November 16, 2010, Memorandum Opinion and Order dismissing the action on initial review (DN 8), the Court specifically granted Plaintiff's November 1, 2010, motion to supplement the complaint (DN 5), which Plaintiff now refers to as the "ADDENDUM" to the complaint. The Court considered that supplemental information in its decision to dismiss the complaint on initial review. Therefore, **IT IS ORDERED** that Plaintiff's request for this Court's reconsideration of the facts (DN 11) is **DENIED**.

**Motion for extension of time to file an appeal.** Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides, in pertinent part, that the notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(5)(A), the district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

In the instant case, the Court entered its Order of dismissal on November 16, 2010 (DN 9), and Plaintiff filed his notice of appeal 50 days later on January 5, 2011 (DN 11). Thus, Plaintiff timely moved for an extension under Rule 4(a)(5)(A)(i). However, he does not meet the

excusable-neglect or good-cause standard under Rule 4(A)(5)(A)(ii), as he provides no explanation as to why he failed to timely file his notice of appeal.

Accordingly, **IT IS ORDERED** that the motion for extension of time to file an appeal (DN 11) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
　　　Counsel of record
4413.005